**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3012
_____

BARBARA ANN THOMPKINS, Individually;
ERIC KLAVON, her husband

v.

MUNICIPALITY OF PENN HILLS; PENN HILLS POLICE DEPARTMENT;
OFFICER ALYSSA FINNIGAN;
PC DAVID KLOBUCHER

PC David Klobucher,
Appellant
_____

On Appeal from the District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:21-cv-00320)
Chief Magistrate Judge:  Honorable Cynthia Reed Eddy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a):
October 16, 2023
_____

Before:  CHAGARES, Chief Judge, PHIPPS and CHUNG, Circuit Judges

(Filed:  October 23, 2023)

_____

OPINION[*]

_____

CHAGARES, Chief Judge.

Defendant David Klobucher appeals from the District Court's denial of his motion for summary judgment based on qualified immunity. Klobucher, a police officer, responded to a domestic violence call between a husband and wife. When plaintiff Barbara Ann Thompkins admitted to punching her husband in the mouth, Klobucher attempted to arrest her. Thompkins resisted and an ensuing scuffle between Klobucher and Thompkins led to her broken arm. Thompkins and her husband Eric Klavon brought suit alleging excessive force under 42 U.S.C. § 1983 and other state-law claims. Because the District Court erred as a matter of law on whether a clearly established right existed, we will reverse the District Court's order as to this issue. We will dismiss the portion of the appeal concerning the state-law claims because we lack jurisdiction to consider them.

I.

We write primarily for the parties and recite only the facts essential to our decision. Two Penn Hills police officers responded to a domestic violence call in June 2020. Klobucher arrived on the scene first and met Klavon in the front yard. Klavon claimed that his wife, Thompkins, punched him in the face. Thompkins was inside the

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

house and gave Klobucher permission to enter. Officer Alyssa Finnigan arrived shortly thereafter and joined Klobucher inside the house. The officers' body worn cameras captured the parties' interactions, which are generally undisputed.

Inside the house, Thompkins admitted to the officers that she punched her husband in the mouth. Klobucher told Thompkins to stand up. He grabbed Thompkins's arm and told her that she was under arrest. Thompkins screamed "no" and resisted arrest. A scuffle ensued. Klobucher pushed Thompkins against a wall while he and Finnigan tried to handcuff her. Thompkins continued to resist arrest. Klobucher grabbed her hair and arm and pulled her to the ground. Klobucher executed a holding technique on Thompkins's shoulder, and he placed his knee on her upper back to maintain control. Finnigan then successfully handcuffed Thompkins. This entire sequence of events lasted less than one minute. After arresting her, the officers helped Thompkins to her feet. Thompkins told the officers that they broke her arm. X-rays taken later at the hospital revealed an arm fracture that required surgery.

The District Court found disputed facts in the record and concluded that Klobucher was not entitled to qualified immunity from the plaintiffs' section 1983 excessive force claim.[1] The District Court also denied Klobucher summary judgment on the plaintiffs' state-law claims of battery and loss of consortium. Klobucher timely appealed.

---

[1] With the parties' consent, Chief Magistrate Judge Cynthia Reed Eddy conducted the proceedings in this matter. We refer to the Chief Magistrate Judge as the District Court throughout this opinion.

II.

A.

We must first consider whether we have jurisdiction to hear this appeal. In Johnson v. Jones, 515 U.S. 304, 311 (1995), the Supreme Court held that "a district court's order denying a defendant's motion for summary judgment [i]s an immediately appealable 'collateral order'" where "the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of 'clearly established' law." (citation omitted). Here, Klobucher's appeal raises the purely legal question of whether the District Court's view of the facts entitle Klobucher to qualified immunity. We therefore have jurisdiction to review this question of law. Lozano v. New Jersey, 9 F.4th 239, 244 (3d Cir. 2021).[2]

We lack jurisdiction, however, to consider the portion of the District Court's order denying Klobucher summary judgment on the state-law battery and loss of consortium claims. Klobucher contends that qualified immunity extends to these state-law claims, but that is not true. We have stated that "qualified immunity is a defense only to violations of federal law under § 1983. Immunity from state law claims is governed by the state's immunity doctrine." El v. City of Pittsburgh, 975 F.3d 327, 334 n.3 (3d Cir. 2020). Klobucher did not invoke state-law immunity below. Because there was no

---

[2] Because the incident in question was captured by videos, we may reconsider the District Court's factual findings "when they are blatantly and demonstrably false." Williams v. City of York, 967 F.3d 252, 257 n.1 (3d Cir. 2020). We have reviewed the videos and take no issue with the District Court's factual findings.

denial of state immunity, there was no immediately appealable order for us to review as to this issue.  Id. at 334.  We will therefore dismiss this part of the appeal.

B.

We proceed to the merits of Klobucher's appeal challenging the denial of qualified immunity.[3]  "Qualified immunity protects government officials performing discretionary functions 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality."  Mullenix v. Luna, 577 U.S. 7, 12 (2015) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011)).  This level of specificity is "especially important" in the Fourth Amendment excessive force context where "the result depends very much on the facts of each case."  Kisela v. Hughes, 138 S. Ct. 1148, 1152–53 (2018) (quoting Mullenix, 577 U.S. at 12–13).  For that reason, an officer is "entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue."  Id. at 1153 (quoting Mullenix, 577 U.S. at 13).

We agree with Klobucher that any right he may have violated was not clearly established at the time of the arrest.  For starters, the District Court did not articulate the scope of Thompkins's right.  We think the relevant inquiry is whether it is clearly

---

[3] We exercise plenary review of an order denying qualified immunity at the summary judgment stage.  Goodwin v. Conway, 836 F.3d 321, 326 n.16 (3d Cir. 2016).

5

established that a police officer uses excessive force by employing an aggressive restraining technique to handcuff a person who has admitted to committing domestic violence and is physically resisting arrest. The sole appellate authority that the District Court cited in its analysis, Couden v. Duffy, 446 F.3d 483 (3d Cir. 2006), does not show a clearly established right in this context. In that case, police officers set up an undercover surveillance outside a home based on a tip that a fugitive might be staying at that address. Id. at 489. When a 14-year-old boy entered his own home, four officers jumped on him, pointed guns at his head, handcuffed him, and sprayed him with mace. Id. at 490. The boy was cooperative and did not resist arrest. Id. at 497. We ruled that based on existing precedent, a reasonable officer would not have believed that the level of force used was reasonable under the circumstances. Id.

Here, by contrast, the District Court observed that Thompkins had not only confessed to committing domestic violence, but also resisted the officers by "flailing around during the course of a lawful arrest." Appendix ("App") 13a. In light of the facts of this case, we cannot see how any reasonable officer in Klobucher's position would know that executing a holding technique to effectuate the arrest amounted to excessive force. Klobucher is thus entitled to qualified immunity from the plaintiffs' section 1983 excessive force claim.[4]

---

[4] We decline to consider the district court cases upon which the District Court relied. We have explained that "clearly established rights are derived either from binding Supreme Court and Third Circuit precedent or from a 'robust consensus of cases of persuasive authority in the Courts of Appeals.'" James v. N.J. State Police, 957 F.3d 165, 170 (3d Cir. 2020) (quoting Bland v. City of Newark, 900 F.3d 77, 84 (3d Cir. 2018)). Nor is this

III.

For the foregoing reasons, we will reverse the portion of the District Court's order denying Klobucher summary judgment on the plaintiffs' section 1983 excessive force claim. We will dismiss the portion of the appeal related to the denial of summary judgment on the state-law claims and we will remand the case for further proceedings.

---

"an obvious case in which any competent officer would have known" that he was violating Thompkins's rights. Kisela, 138 S. Ct. at 1153.